Ocasio González & Co., S. en C., peticionario, *v.* La Corte de Distrito de San Juan, Hon. Domingo Sepúlveda, Juez, demandado.

No. 609.—*Visto:* Marzo 26, 1928. *Resuelto:* Abril 17, 1928.

*Miguel García Méndez*, abogado del peticionario.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Este es un caso de *certiorari*, promovido a nombre de Ocasio González & Co. Sociedad en Comandita, para solicitar la revocación de una resolución de la Corte de Distrito de San Juan, Juez Hon. Domingo Sepúlveda, con respecto a una fianza prestada por la promovente en procedimiento sobre tercería.

En un pleito seguido ante la Corte de Distrito de San Juan, P. R., por Agustín Hernández Mena contra Alfonso Ocasio, el demandante, en vía de aseguramiento de sentencia, embargó con otros bienes, ciertas mercancías, zapatos y trajes, del establecimiento de Ocasio González y Compañía, S. en C., según aparece del diligenciamiento del embargo, fechado en 22 de diciembre de 1927.

Ocasio González y Compañía, S. en C. presentó al Marshal de la Corte de Distrito de San Juan, una declaración bajo juramento, de acuerdo con lo preceptuado en la ley que establece el procedimiento de tercería en relación a bienes muebles, o sea de fecha 14 de marzo de 1907; y acompañó una fianza,

tomando la fórmula de la misma de la Sección 6 de la misma ley. Esta fianza fué impugnada por el demandante y la corte, al resolver tal impugnación, declaró nula la fianza fundándose en que el artículo 355 del Código de Enjuiciamiento Civil, tal como fué enmendado en 12 de mayo de 1908, exige en la fianza el requisito de una declaración jurada de los fiadores, exponiendo en ella su residencia, condición de ser cabeza de familia, y la de ser propietario en Puerto Rico, con bienes por la cantidad señalada en la fianza, descontadas las deudas. La corte declaró que, siendo este artículo 355 enmendado, posterior en su aprobación (12 de marzo de 1908) a la ley sobre tercerías (14 de marzo de 1907), y hallándose la ley de tercerías incorporada al Código de Enjuiciamiento Civil, la fianza como se prestó, era nula. Y contra esta resolución, de fecha 27 de febrero de 1928, se ha pedido el auto de *certiorari*.

■ ■ No estamos conformes con la teoría de la Corte de Distrito de San Juan, acerca de que la ley de tercería está incorporada al Código de Enjuiciamiento Civil y es parte del mismo. Es verdad que aparece en el tomo impreso de los Estatutos revisados de Puerto Rico, dentro del Código de Enjuiciamiento Civil; pero no vemos con qué autoridad legal se ha hecho esto. Si es cierto que hubo la facultad de compilar, no lo es que tal facultad traiga consigo la de fundir dos leyes cuyos preceptos pueden ser distintos. La forma de fianza autorizada por la ley sobre tercerías está muy lejos de ser un modelo; pero es ley, y como tal debe ser aceptada.

En cuanto al artículo 355 del Código de Enjuiciamiento Civil, en él se especifican los requisitos de las fianzas, para todos los casos en que, *con arreglo a ese Código* (itálicas nuestras) deba constituirse fianza personal. Pero si la ley de tercerías no es parte del Código la forma especial de fianza que en ella aparece, es suficiente para los fines de la misma ley.

*El recurso debe declararse con lugar, y suficiente, para sus fines, la fianza prestada por el tercerista.*